**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT LEE NORRIS,** | : | Case No. 1:04CV0213 |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | <u>ORDER</u> |
| **TAMARA ENGLE, et al.,** | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Robert Lee Norris, filed this action on February 6, 2004 against defendants Tamara Engle, his Unit Manager at North Central Correctional Institution ("N.C.C.I.") where he was formerly housed as an inmate, Gordon Lane, the Warden at N.C.C.I., Lieutenant Hill, a one-time "Court Office Supervisor" at N.C.C.I., and Dr. Lenzy Southall, a one-time Medical Services Director at N.C.C.I. Norris alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exposing him to excessive amounts of second-hand smoke, despite having been diagnosed with tuberculosis and having been previously designated by treating medical professionals as in emergency need of a non-smoking environment.

On October 7, 2004 defendants filed a motion to dismiss on grounds that plaintiff had not properly perfected service of process upon them. The defendants acknowledged that Norris had attempted to serve them by regular U.S. Mail, but pointed out that such service is deficient under Rule 4 (c) of the Federal Rules of Civil Procedure. On October 28, 2004 this Court issued an order holding defendants' motion in abeyance

while it allowed Norris to attempt service once again.

On December 6, 2004 Norris filed a Notice of Service with respect to defendants Engle and Lane and a Motion to Dismiss Defendants Hill and Southall. Defendants now have filed a renewed Motion to Dismiss Engle and Lane and join in Norris' suggestion that Hill and Southall be dismissed from this action. After consideration of the parties' latest filings, the Court **GRANTS** Norris' Motion to Dismiss Defendants Hill and Southall and **DENIES** the Motion to Dismiss Defendants Engle and Lane.

As to Engle and Lane, defendants contend (1) that service as to those defendants is still inadequate; (2) Norris did not exhaust his administrative remedies as to some defendants on some claims (though they do not identify which defendants or claims); and (3) Norris has failed to state a valid claim against either defendant.

After examining the docket, Norris' complaint, his opposition to defendants' motion, and keeping in mind the liberal standard the Court is to employ when assessing the adequacy of *pro se* pleadings, the Court finds as follows:

> (1) The docket does reflect adequate service of process upon Engle and Lane;
>
> (2) Norris has asserted that he exhausted all administrative remedies relating to his claims against these particular defendants and defendants' motion contains no information which rebuts that assertion;
>
> (3) Norris has stated a claim against Lane – his complaint can be construed as asserting that Lane was involved in policy-making and other determinations that led to his housing placement; at this stage of the proceedings the Court can not say that *respondeat superior* is the only legal theory upon which Norris' claim against Lane is premised;
>
> (4) While Norris may not be able to ultimately prove his claims against either Engle or Lane given the heavy burden of proof a plaintiff faces under the Eighth Amendment, his complaint alleges all material elements of such a claim.

In summary, the Court finds that Norris has crossed those procedural and jurisdictional hurdles necessary to a consideration of his claims against Lane and Engle and that an assessment of the merits of those claims is more appropriate in the context of motions under Rule 56 of the Federal Rules of Civil Procedure than pursuant to Rule 12(b)(6).

This case is hereby referred to the oversight of Magistrate Judge William Baughman for pretrial case handling, including conduct of a Case Management Conference and a determination of whether the parties wish to consent to the jurisdiction of the Magistrate Judge for trial.

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 29, 2005